UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **WHITNEY PATE,** | CIVIL NO. 5:23-319-KKC |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| **CITY OF GEORGETOWN, KENTUCKY et al.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on motions to dismiss filed by Defendants City of Georgetown, Kentucky (DE 3) and Officer Aaron Moss (DE 4). Plaintiff, Whitney Pate, brings claims under 42 U.S.C. § 1983 for excessive force by Officer Moss in violation of his Fourth and Fourteenth Amendment rights. Defendants argue that Plaintiff's claims are time barred by the statute of limitations. For the reasons stated herein, the motions to dismiss (DE 3, 4) are **GRANTED**.

## I. BACKGROUND

Plaintiff brought an excessive force claim based on an event that occurred on October 28, 2022. On October 27, 2023, a Friday, Plaintiff filed his complaint in Scott County Court. The following Monday at 10:40 a.m., the Scott County clerk rejected the complaint because Plaintiff had styled it as a federal action. On Wednesday, November 1, 2023, Plaintiff re-filed the complaint, and the summons were issued. Thereafter, Defendants removed the action to this Court on the grounds of federal question jurisdiction. Defendants have now filed motions to dismiss arguing that Plaintiff's claims are barred by the statute of limitations.

1

## II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Dismissal of a claim under Rule 12(b)(6) on grounds that it is barred by a limitations period is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). In other words, it must be "apparent from the face of the complaint that the limit for bringing the claim[s] has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008).

Constitutional claims asserted under 42 U.S.C. § 1983 are governed by state personal injury statutes of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). In Kentucky, the statute of limitations for personal injury actions is one year after the cause of action accrued. KRS § 413.140. Federal law determines when an action begins to accrue, and for a § 1983 claim for excessive force in effectuating an arrest, the action accrues at the time of the arrest. *Fox*, 489 F.3d at 233. When deciding whether the plaintiff met the statute of limitations in an action originally filed in state court, federal courts must use state law to

2

determine the date the action commenced. *Justice v. Nasser, Inc.*, 2008 WL 5111133, at *4 (E.D. Ky, Dec. 4, 2008) (citing *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908 (6th Cir. 1993)). In Kentucky, an action is deemed to commence on the date of the first summons or process is issued in good faith by a court having jurisdiction of the action. KRS 413.250; *see also* CR 3.01.

In this case, the one-year statute of limitations began to accrue on October 28, 2022, the date of the arrest giving rise to Pate's claims. Since October 28, 2023 was on a Saturday, the statute of limitations expired on Monday, October 30, 2023. *See* KRS 446.030(1); *see also* CR 6.01. Pate attempted to file his claims on October 27, 2023, however, this attempt was rejected, and his complaint was re-filed and the summons were issued on November 1, 2023. Pate argues that because he received a Notice of Electronic Filing from Scott County Court on October 27, 2023, his action should be deemed filed on that date. In Kentucky, however, an action is not considered commenced until the summons or process is issued. Accordingly, since here the summons were not issued until November 1, 2023, two days after the statute of limitations expired, Pate's claims are time-barred.

Next, the Court must consider whether Pate is entitled to equitable tolling. Equitable tolling of the statute of limitations is appropriate where (1) the plaintiff has been pursuing his rights diligently, and (2) some extraordinary circumstance has prevented him from timely filing the action. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The party seeking equitable tolling bears the burden of demonstrating entitlement to it. *Jackson v. United States,* 751 F.3d 712, 718-19 (6th Cir. 2014).

Here, Plaintiff has not demonstrated that he is entitled to equitable relief. Although Pate attempted to file his complaint before the statute of limitations ran, because of his own neglect in styling the case as a federal action, the complaint was rejected. Even though it was rejected, Pate still had time to correct the complaint and re-file before the statute of

limitations expired, but he failed to do so until two days after it had run. Because of this, the Court cannot find that Pate pursued his rights diligently. Additionally, Pate points to no extraordinary circumstance that prevented him from timely filing the action. Accordingly, Pate has not shown entitlement to equitable tolling of the filing deadline.

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Defendants' motions to dismiss (DE 3 and 4) are **GRANTED**; and

2. The Plaintiff's § 1983 claims are **DISMISSED WITH PREJUDICE**.

July 8, 2024

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY